**No. 23-20450**

# In the United States Court of Appeals for the Fifth Circuit

IN THE MATTER OF SERTA SIMMONS BEDDING, L.L.C., DEBTOR

PTL LENDER, APPELLEE

*v.*

SERTA SIMMONS BEDDING, L.L.C.; AGF FLOATING RATE
INCOME FUND; BRIGHTHOUSE FUNDS TRUST I -
BRIGHTHOUSE/EATON VANCE FLOATING RATE PORTFOLIO;
CALVERT MANAGEMENT SERIES - CALVERT FLOATING-RATE
ADVANTAGE FUND; EATON VANCE CLO 2013-1 LIMITED; EATON
VANCE CLO 2014-1 LIMITED, APPELLEES

AD HOC GROUP OF NON-PTL LENDERS; LCM LENDERS,
APPELLANTS

*ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS (AP. NO. 23-9001)
(THE HONORABLE DAVID R. JONES, J.)*

## MOTION OF APPELLANTS AD HOC GROUP OF NON-PTL LENDERS TO CLARIFY SCOPE OF REMAND

ERIC SEILER
ANNE E. BEAUMONT
FRIEDMAN KAPLAN SEILER
  ADELMAN & ROBBINS LLP
  *7 Times Square*
  *New York, NY 10036*

JOHN F. HIGGINS
ERIC D. WADE
M. SHANE JOHNSON
PORTER HEDGES LLP
  *1000 Main Street, 36th Floor*
  *Houston, TX 77002*

KANNON K. SHANMUGAM
WILLIAM T. MARKS
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.*
  *Washington, DC 20006*
  *(202) 223-7300*
  *kshanmugam@paulweiss.com*

KENNETH S. ZIMAN
BRIAN S. HERMANN
LEWIS R. CLAYTON
ANDREW J. EHRLICH
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *1285 Avenue of the Americas*
  *New York, NY 10019*

# CERTIFICATE OF INTERESTED PERSONS

No. 23-20450

_____

IN THE MATTER OF SERTA SIMMONS BEDDING, L.L.C., DEBTOR

_v._

PTL LENDER, APPELLEE

SERTA SIMMONS BEDDING, L.L.C.; AGF FLOATING RATE INCOME FUND; BRIGHTHOUSE FUNDS TRUST I - BRIGHTHOUSE/EATON VANCE FLOATING RATE PORTFOLIO; CALVERT MANAGEMENT SERIES - CALVERT FLOATING-RATE ADVANTAGE FUND; EATON VANCE CLO 2013-1 LIMITED; EATON VANCE CLO 2014-1 LIMITED, APPELLEES

AD HOC GROUP OF NON-PTL LENDERS; LCM LENDERS, APPELLANTS

_____

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

A.  Appellants Excluded Lenders

    1.  Parties:

        AG Centre Street Partnership L.P.
        AG Credit Solutions Non-ECI Master Fund, L.P.
        AG Super Fund Master, L.P.

AG SF Master (L), L.P.
Ascribe III Investments, LLC
Columbia Cent CLO 21 Limited
Columbia Cent CLO 27 Limited
Columbia Floating Rate Fund,
    a series of Columbia Funds Series Trust II
Columbia Strategic Income Fund,
    a series of Columbia Funds Series Trust I
Contrarian Capital Fund I, L.P.
Contrarian Distressed Debt Fund, L.P.
Contrarian Centre Street Partnership, L.P.
Gamut Capital SSB, LLC
North Star Debt Holdings, L.P.
Silver Oak Capital, L.L.C.
Shackleton 2013-III CLO, Ltd.
Shackleton 2013-IV-R CLO, Ltd.
Shackleton 2014-V-R CLO, Ltd.
Shackleton 2015-VII-R CLO, Ltd.
Shackleton 2017-XI CLO, Ltd.
Z Capital Credit Partners CLO 2018-1 Ltd.
Z Capital Credit Partners CLO 2019-1 Ltd.

2.    Attorneys:

Kannon K. Shanmugam
William T. Marks
Matteo Godi
Jake L. Kramer
*Paul, Weiss, Rifkind, Wharton & Garrison LLP*
*2001 K Street, N.W.*
*Washington, DC 20006*

Kenneth S. Ziman
Brian S. Hermann
Lewis R. Clayton
Andrew J. Ehrlich
Robert O'Loughlin
*Paul, Weiss, Rifkind, Wharton & Garrison LLP*
*1285 Avenue of the Americas*

*New York, NY 10019*

Lawrence S. Robbins
Eric Seiler
Anne E. Beaumont
Blair R. Albom
Elizabeth Bierut
Jamuna D. Kelley
*Friedman Kaplan Seiler Adelman & Robbins LLP*
*7 Times Square*
*New York, NY 10036*

John F. Higgins
Eric D. Wade
M. Shane Johnson
Megan N. Young-John
*Porter Hedges LLP*
*1000 Main Street, 36th Floor*
*Houston, TX 77002*

B.   Appellants LCM Lenders

    1.   Parties:

        LCM XXII Ltd.
        LCM XXIII Ltd.
        LCM XXIV Ltd.
        LCM XXV Ltd.
        LCM 26 Ltd.
        LCM 27 Ltd.
        LCM 28 Ltd.

    2.   Attorneys:

        Michael Shuster
        Vincent Levy
        Neil R. Lieberman
        Alison B. Miller
        Brian T. Goldman
        *Holwell, Shuster & Goldberg LLP*

> *425 Lexington Avenue, 14th Floor*
> *New York, NY 10017*
>
> John J. Sparacino
> S. Margie Venus
> Regan S. Jones
> *McKool Smith, PC*
> *600 Travis Street, Suite 7000*
> *Houston, TX 77002*

C.     Appellee Serta Simmons Bedding, LLC

Attorneys:

> Ray C. Schrock
> David J. Lender
> Alexander W. Welch
> Luna N. Barrington
> Richard D. Gage
> Taylor B. Dougherty
> Joseph R. Rausch
> Michael P. Goodyear
> Nicholas J. Reade
> *Weil, Gotshal & Manges LLP*
> *767 Fifth Avenue*
> *New York, NY 10153*

D.     Appellees Favored Lenders

1.     Parties:

> Barings LLC
> Boston Management and Research
> Credit Suisse Asset Management, LLC
> Eaton Vance Management
> Invesco Senior Secured Management, Inc.

2.      Attorneys:

Gregg Costa
*Gibson, Dunn & Crutcher LLP*
*811 Main Street, Suite 3000*
*Houston, TX 77002*

Orin Snyder
Amanda M. Aycock
C. Lee Wilson
Akiva Shapiro
*Gibson, Dunn & Crutcher LLP*
*200 Park Avenue*
*New York, NY 10166*

Helgi C. Walker
*Gibson, Dunn & Crutcher LLP*
*1050 Connecticut Avenue, N.W.*
*Washington, DC 20036*

Bruce J. Ruzinsky
*Jackson Walker LLP*
*1401 McKinney Street, Suite 1900*
*Houston, TX 77010*

D.    Appellees PTL Lenders (Counterclaim Defendants)

1.      Parties:

AGF Floating Rate Income Fund
Brighthouse Funds Trust I - Brighthouse/Eaton Vance
    Floating Rate Portfolio
Calvert Management Series - Calvert Floating-Rate
    Advantage Fund
Renaissance Investment Holdings Ltd.
California State Teachers' Retirement System
Dollar Senior Loan Fund, Ltd.
Dollar Senior Loan Master Fund I, Ltd.

BA/Cscredit 1 LLC, PK-SSL Investment Fund
    Limited Partnership
Copperhill Loan Fund I, LLC
The Eaton Corporation Master Retirement Trust
Erie Indemnity Company
Madison Flintholm Senior Loan Fund I DAC
Phillips 66 Retirement Plan Trust
Wind River Fund LLC
Blue Shield of California
Erie Insurance Exchange
The City of New York Group Trust
Maryland State Retirement and Pension System
Credit Suisse Floating Rate Trust
Credit Suisse Floating Rate High Income Fund
Credit Suisse Strategic Income Fund
Commonwealth of Pennsylvania Treasury Department
State of New Mexico State Investment Council
Credit Suisse Nova (Lux)
KP Fixed Income Fund
Bentham Strategic Loan Fund
Telstra Superannuation Scheme
Wespath Funds Trust
Inflation Protection Fund-I Series
Madison Park Funding X, Ltd.
Madison Park Funding XI, Ltd.
Madison Park Funding XII, Ltd.
Madison Park Funding XIII, Ltd.
Madison Park Funding XIV, Ltd.
Madison Park Funding XV, Ltd.
Madison Park Funding XVI, Ltd.
Madison Park Funding XVII, Ltd.
Madison Park Funding XVIII, Ltd.
Madison Park Funding XIX, Ltd.
Madison Park Funding XX, Ltd.
Madison Park Funding XXI, Ltd.
Madison Park Funding XXII, Ltd.
Madison Park Funding XXIII, Ltd.
Madison Park Funding XXIV, Ltd.

Madison Park Funding XXV, Ltd.
Madison Park Funding XXVI, Ltd.
Madison Park Funding XXVII, Ltd.
Madison Park Funding XXVIII, Ltd.
Madison Park Funding XXIX, Ltd.
Madison Park Funding XXX, Ltd.
Madison Park Funding XXXI, Ltd.
Madison Park Funding XXXII, Ltd.
Madison Park Funding XXXIV, Ltd.
Madison Park Funding XXXV, Ltd.
Madison Park Funding XXXVII, Ltd.
Madison Park Funding XL, Ltd.
Madison Park Funding XLI, Ltd.
Madison Park Funding XLII, Ltd.
Madison Park Funding XLIII, Ltd.
Madison Park Funding XLIV, Ltd.
One Eleven Funding I, Ltd.
One Eleven Funding II, Ltd.
Barings Global Loan Limited
Barings Global Special Situations Credit 3 S.A.R.L.
Barings Global High Yield Credit Strategies Limited
Barings U.S. Loan Limited
Barings CLO Ltd. 2018-III
Barings CLO Ltd. 2017-I
Barings CLO Ltd. 2019-II
Barings CLO Ltd. 2016-I
Barings CLO Ltd. 2015-I
Barings CLO Ltd. 2016-II
Barings CLO Ltd. 2018-I
Barings CLO Ltd. 2015-II
Barings CLO Ltd. 2013-I
Barings CLO Ltd. 2018-IV
Baloise Senior Secured Loan Fund
Bayvk R2-Fonds Segment Bayvk R2 Barings
Crown Managed Accounts SPC - Crown/Ba 2 SP
Babson CLO Ltd. 2014-I, G.A.S. (Cayman) Limited
Serengeti (Loan Fund), a series trust
    of the Multi Strategy Umbrella Fund

Cayman, Barings Global Multi-Credit Strategy 1 Limited
Barings Global Multi-Credit Strategy 2 Limited
Barings Global Multi-Credit Strategy 3 Limited
Barings Global Multi-Credit Strategy 4 Limited
Barings BDC Senior Funding I, LLC
Barings Global Floating Rate Fund, a series of
    Barings Fund Trust
Barings Segregated Loans 3 S.A.R.L.
Barings BDC, Inc.
Barings Global Loan and High Yield Bond Limited
Barings Global Credit Income Opportunities Fund
Arrowood Indemnity Company
Arrowood Indemnity as Administrator of the Pension Plan of
    Arrowood Indemnity
Jocassee Partners LLC
First Eagle Bank Loan Select Master Fund
First Eagle Senior Loan Fund (FSLF)
KVK CLO 2013-1 Ltd.
KVK CLO 2016-1 Ltd.
KVK CLO 2018-1 Ltd.
Russell Absolute Return Fixed Income Fund
Russell Floating Rate Fund
Russell Global Unconstrained Bond Pool
Russell Multi-Asset Core Plus Fund
Russell Unconstrained Total Return Fund
Staniford Street CLO Ltd.
Stichting Pensioenfonds Hoogovens
Wind River 2012-1 CLO Ltd.
Wind River 2013-1 CLO Ltd.
Wind River 2013-2 CLO Ltd.
Wind River 2014-1 CLO Ltd.
Wind River 2014-2 CLO Ltd.
Wind River 2014-3 CLO Ltd.
Wind River 2014-3K CLO Ltd.
Wind River 2015-1 CLO Ltd.
Wind River 2015-2 CLO Ltd.
Wind River 2016-1 CLO Ltd.
Wind River 2016-2 CLO Ltd.

Wind River 2017-1 CLO Ltd.
Wind River 2017-4 CLO Ltd.
Wind River 2018-3 CLO Ltd.
Wind River 2019-3 CLO Ltd.
Annisa CLO, Ltd.
Betony CLO 2, Ltd.
BOC Pension Investment Fund
Carbone CLO, Ltd.
Diversified Credit Portfolio Ltd.
Invesco Bl Fund, Ltd.
Invesco Dynamic Credit Opportunities Fund
Invesco Floating Rate Fund
Invesco Floating Rate Income Fund
Invesco Gemini US Loan Fund LLC
Invesco Oppenheimer Master Loan Fund
Invesco Oppenheimer Senior Floating Rate Fund
Invesco Oppenheimer Senior Floating Rate Plus Fund
Invesco Senior Income Trust
Invesco Senior Loan Fund
Invesco SSL Fund LLC
Invesco Zodiac Funds - Invesco US Senior Loan ESG Fund
Invesco Zodiac Funds - Invesco US Senior Loan Fund
Kaiser Permanente Group Trust
Kapitalforeningen Investin Pro
US Leveraged Loans I
Milos CLO, Ltd.
Recette CLO, Ltd.
Riserva CLO, Ltd.
Sentry Insurance Company
Upland CLO, Ltd.
Harbourview CLO VII-R, Ltd.
Invesco Oppenheimer Fundamental Alternatives Fund
Oaktree Opportunities Fund Xb Holdings (Delaware), LP
Oaktree Opps X Holdco Ltd.
Oaktree Opportunities Fund X Holdings (Delaware) LP
Dryden XXV Senior Loan Fund
Dryden XXVI Senior Loan Fund
Dryden XXVIII Senior Loan Fund

Dryden Loan Fund
Dryden 33 Senior Loan Fund
Dryden 36 Senior Loan Fund
Dryden 37 Senior Loan Fund
Dryden 38 Senior Loan Fund
Dryden 40 Senior Loan Fund
Dryden 41 Senior Loan Fund
Dryden 42 Senior Loan Fund
Dryden 43 Senior Loan Fund
Dryden 45 Senior Loan Fund
Dryden 47 Senior Loan Fund
Dryden 49 Senior Loan Fund
Dryden 50 Senior Loan Fund
Dryden 54 Senior Loan Fund
Dryden 53 CLO, Ltd.
Dryden 55 CLO, Ltd.
Dryden 57 CLO, Ltd.
Dryden 58 CLO, Ltd.
Dryden 60 CLO, Ltd.
Dryden 61 CLO, Ltd.
Dryden 64 CLO, Ltd.
Dryden 65 CLO, Ltd.
Dryden 70 CLO, Ltd.
Dryden 75 CLO, Ltd.
Newark BSL CLO 1, Ltd.
Newark BSL CLO 2, Ltd.
Venture XXV CLO, Limited
Venture 31 CLO, Limited
Venture 32 CLO, Limited
Venture 33 CLO, Limited
Venture 35 CLO, Limited
Venture XVII CLO Limited
Venture XXII CLO, Limited
Venture XXIX CLO, Limited
Venture XXVII CLO, Limited
Venture 28a CLO, Limited
Venture XII CLO, Limited
Venture XIII CLO, Limited

Venture XIV CLO, Limited
Venture XIX CLO, Limited
Venture XV CLO, Limited
Venture XVI CLO, Limited
Venture XVIII CLO, Limited
Venture XX CLO, Limited
Venture XXI CLO, Limited
Venture XXIII CLO, Limited
Venture XXIV CLO, Limited
Venture XXVIII CLO, Limited
Venture XXX CLO, Limited
BSG Fund Management B.V.
Fixed Income Opportunities Nero, LLC
Blackrock Limited Duration Income Trust
Blackrock Global Investment Series: Income Strategies Portfolio
Blackrock Credit Strategies Income Fund of Blackrock Funds V
Blackrock Senior Floating Rate Portfolio
Blackrock Floating Rate Income Strategies Fund, Inc.
Blackrock Multi-Asset Income Portfolio of Blackrock Funds II
Blackrock Debt Strategies Fund, Inc.
Blackrock Floating Rate Income Trust
JPMBI Re Blackrock Bankloan Fund
Blackrock Floating Rate Income Portfolio of Blackrock Funds V
ABR Reinsurance Ltd.
NC Garnet Fund, LP
Magnetite XC, Limited
Magnetite XV, Limited
Magnetite XIV-R, Limited
Magnetite XVI, Limited
Magnetite VIII, Limited
Magnetite XVIII, Limited
Magnetite XIX, Limited
Magnetite XX, Limited
Magnetite XVII, Limited
Magnetite VII, Limited
Magnetite XII, Limited
Nuveen Diversified Dividend and Income Fund
Nuveen Floating Rate Income Fund

Nuveen Floating Rate Income Opportunity Fund
Nuveen Senior Income Fund
Nuveen Short Duration Credit Opportunities Fund
Nuveen Symphony Floating Rate Income Fund, Principal
    Funds, Inc - Diversified
Real Asset Fund
Symphony CLO XX Ltd.
Symphony CLO XVII, Ltd.
Symphony CLO XIX, Ltd.
Symphony CLO XVII, Ltd.
Symphony CLO XV, Ltd.
Symphony CLO XIV, Ltd.
Symphony CLO XVI, Ltd.
TCI-Symphony 2017-1 Ltd.
TCI-Symphony 2016-1 Ltd.
Symphony Floating Rate Senior Loan Fund
SCOF-2 Ltd.
BayCity Alternative Investment Funds
SICAV-SIF - BayCity US Senior Loan Fund
BayCity Senior Loan Master Fund Ltd.
Pensiondanmark
Pensionforsikringsaktieselskab
Menard, Inc.
Municipal Employees Annuity & Benefit Fund of Chicago
Principal Diversified Real Asset CIT
California Street CLO IX Limited Partnership
California Street CLO XII, Ltd.
Tao Fund, LLC
MP CLO III Ltd.
MP CLO IV Ltd.
MP CLO VII Ltd.
MP CLO VIII Ltd.
Marble Point CLO X Ltd.
Marble Point CLO XI Ltd.
Marble Point CLO XII Ltd.
MPLF Funding Ltd.
MPSFR Financing 1 Ltd.
Marathon CLO V Ltd.

Marathon CLO VII Ltd.
Marathon CLO VIII Ltd.
Marathon CLO IX Ltd.
Marathon CLO X Ltd.
Marathon CLO XI Ltd.
Bowery Funding ULC
Woodbine Funding ULC
Elevation CLO 2013-1, Ltd.
Elevation CLO 2014-2, Ltd.
Elevation CLO 2015-4, Ltd.
Elevation CLO 2016-5, Ltd.
Elevation CLO 2017-6, Ltd.
Elevation CLO 2017-7, Ltd.
Elevation CLO 2017-8, Ltd.
Elevation CLO 2018-9, Ltd.
Elevation CLO 2018-10, Ltd.
Peaks CLO 3, Ltd.

2.    Attorneys:

Orin Snyder
Amanda Aycock
C. Lee Wilson
Peter Wade
*Gibson, Dunn & Crutcher LLP*
*200 Park Avenue*
*New York, NY 10166*

Gregg Costa
*Gibson, Dunn & Crutcher LLP*
*811 Main Street, Suite 3000*
*Houston, TX 77002*

E.    Corporate Disclosure Statement of Appellants Excluded Lenders

Appellant AG Centre Street Partnership L.P. has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant AG Credit Solutions Non-ECI Master Fund, L.P., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant AG Super Fund Master, L.P., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant AG SF Master (L), L.P., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Ascribe III Investments, LLC, has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Columbia Cent CLO 21 Limited has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Columbia Cent CLO 27 Limited has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Columbia Floating Rate Income Fund, a series of Columbia Funds Series Trust II, has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I, has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Contrarian Capital Fund I, L.P., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Contrarian Distressed Debt Fund, L.P., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Contrarian Centre Street Partnership, L.P., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Gamut Capital SSB, LLC, is a wholly owned subsidiary of GColumbus Trading LLC.  No publicly held company owns 10% or more of GColumbus Trading LLC's stock.

Appellant North Star Debt Holdings, L.P., is indirectly controlled by Apollo Global Management, Inc., a publicly held company.  No publicly held company owns 10% or more of Apollo Global Management, Inc.'s stock.

Appellant Silver Oak Capital, L.L.C., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Shackleton 2013-III CLO, Ltd., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Shackleton 2013-IV-R CLO, Ltd., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Shackleton 2014-V-R CLO, Ltd., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Shackleton 2015-VII-R CLO, Ltd., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Shackleton 2017-XI CLO, Ltd., has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Z Capital Credit Partners CLO 2018-1 Ltd. has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Z Capital Credit Partners CLO 2019-1 Ltd. has no parent corporation, and no publicly held company owns 10% or more of its stock.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM

*Attorney of Record*
*for Appellants Ad Hoc Group*
*of Non-PTL Lenders*

JANUARY 14, 2025

Appellants Ad Hoc Group of Non-PTL Lenders (the "excluded lenders") move for clarification that this Court's vacatur of the final judgment of the bankruptcy court and remand for reconsideration of their "counterclaims" for breach of the 2016 credit agreement applies to the excluded lenders' materially identical third-party claims against lenders that participated in the 2020 uptier transaction but were not plaintiffs in the underlying adversary action. Counsel for the excluded lenders contacted counsel for the other parties to ascertain their position on this motion. The LCM lenders do not oppose the motion; Citadel Equity Fund, Limited, takes no position on the motion; and Serta Simmons Bedding, LLC, and the prevailing lenders did not provide a response before the filing of the motion.

1.     On December 31, 2024, this Court issued its decision in this appeal and three other consolidated appeals arising from the bankruptcy proceedings of debtor-appellee Serta Simmons Bedding, LLC. The first appeal (No. 23-20181) arose from the bankruptcy court's grant of partial summary judgment to appellees in the adversary proceeding initiated by appellees in parallel to Serta's petition under Chapter 11 of the Bankruptcy Code. The remaining three appeals arose from the bankruptcy court's final judgment. Two of the appeals (Nos. 23-20363 and 23-20451) challenged the confirmation order; this appeal (No. 23-20450) arose from the final judgment in the adversary proceeding.

As relevant here, in the adversary proceeding, Serta and a group of the prevailing lenders sought declaratory judgment on two questions: *first*, whether the 2020 transaction constituted a permitted "open market purchase[]" under the 2016 credit agreement, and *second*, whether the 2020 transaction violated the covenant of good faith and fair dealing. ROA.23-20450.9179-9206. In response, the excluded lenders filed (1) counterclaims for breach of the 2016 credit agreement and breach of the covenant of good faith and fair dealing and (2) materially identical third-party claims against the remainder of the prevailing lenders that participated in the 2020 transaction but were not parties to the adversary proceeding. ROA.23-20450.9279-9345.

This Court's decision addressed "the open market purchase cases" together—that is, the "appeal from the bankruptcy court's partial summary judgment (23-20181) and the . . . appeal from the post-trial final judgment (23-20450)." Op. 16. In that portion of the decision, the Court held that "the 2020 Uptier was not a permissible open market purchase within the meaning of the 2016 Agreement." Op. 27. As the Court explained, that holding "cleanly resolv[ed] the appeal in 23-20181," and the Court thus "revers[ed] the bankruptcy court's contrary ruling." Op. 38. As "to 23-20450 and the Excluded Lenders' appeal of their denied counterclaims for breach of contract," the Court noted that the parties "adopted their briefs from the summary judgment appeal (23-20181)," meaning that there was "little substantive discussion

of the breach of contract issue before this [C]ourt." *Id.* Accordingly, the Court ordered that the final judgment be vacated in part and remanded "for reconsideration of the Excluded Lenders' breach of contract counterclaims." *Id.*

2.    The excluded lenders move for clarification that, on remand from this Court, the lower courts should reconsider the excluded lenders' third-party claims, in addition to their counterclaims against the prevailing lenders that were plaintiffs in the adversary action. The rationale of the Court's decision applies equally to both sets of claims, and the procedural posture of this appeal and the similarity of the claims confirm that the remand should include the third-party claims.

Both the counterclaims and third-party claims for breach of the 2016 credit agreement were before the Court in this appeal from the final judgment of the bankruptcy court. After trial, the bankruptcy court ruled that the transaction did not violate the implied covenant of good faith and fair dealing. In the process of confirming Serta's Chapter 11 reorganization plan and entering final judgment against the favored lenders in the adversary proceeding, the court applied its summary-judgment determination that the 2020 transaction constituted a permitted open-market purchase under the 2016 credit agreement to both the favored lenders' counterclaims and their third-party claims for breach of the 2016 credit agreement. Accordingly, in its final judgment, the court ordered that "the Excluded Lenders' counterclaims and third-party

claims for declaratory judgment, breach of the 2016 Credit Agreement, and breach of the implied covenant of good faith and fair dealing under the 2016 Credit Agreement (the 'Excluded Lenders' Counterclaims') are DENIED." ROA.23-20450.20177. All parties to the adversary proceeding petitioned this Court for direct review from the final judgment, *see* Dkt. 6, No. 24-90027, which this Court granted, triggering this appeal, *see* Dkt. 6, No. 23-20450.

Accordingly, in its opinion, this Court recognized that this appeal concerned both the excluded lenders' counterclaims and third-party claims for breach of the 2016 credit agreement. As the Court described the procedural history of the dispute, following summary judgment, "all that remained pending in the adversary proceeding were various counterclaims and third-party claims by the [e]xcluded [l]enders," and after "the bankruptcy court then entered final judgment in the adversary proceeding" against the excluded lenders, "[t]he parties jointly agreed to certify the post-trial final judgment to this court, and a panel granted a subsequent motion for permission to appeal." *Id.* There is thus no question that this appeal brought before the Court both the excluded lenders' counterclaims against the plaintiff prevailing lenders and their third-party claims against the remaining prevailing lenders.

The parties' earlier filings on appeal similarly demonstrate that they understood this appeal to encompass the excluded lenders' third-party claims. For example, in moving to dispense with further briefing, the excluded lenders

4

explained that "this appeal included the record developed at trial (at least with respect to the third-party claims)." Dkt. 61, at 4-5. In seeking reconsideration of this Court's order dispensing with further briefing, appellees argued that they "should be allowed to defend the bankruptcy court's decision based on the findings evidence at trial" because "the trial in this case involved new contract claims and third-party defendants that were not part of the summary judgment proceedings" and those third-party claims "are on appeal before this Court." Dkt. 81 at 1-2, 7.

There is no reason that the third-party claims should be treated differently than the counterclaims. The excluded lenders' amended complaint pleaded both counterclaims for breach of the 2016 credit agreement against Serta and the plaintiff prevailing lenders, and third-party claims for the breach of the 2016 credit agreement against the remaining prevailing lenders. ROA.23-20450.9279-9345. The counterclaims and third-party claims were identical in substance. And the bankruptcy court denied them for the same reason in its final judgment. ROA.23-20450.20166-20167. Accordingly, this Court's reasoning for remanding the excluded lenders' counterclaims applies equally to the third-party claims: the bankruptcy court's denial of those claims was "largely based on [the bankruptcy court's] analysis of the open market purchase issue," and "if the 2020 Uptier was not permitted under the open market purchase exception in § 9.05(g), the Excluded Lenders have a strong

case that [Serta and the prevailing lenders] breached the 2016 Agreement."
Op. 38.

\*      \*      \*      \*      \*

For those reasons, the Court should clarify that its order vacating in part the final judgment in the adversary proceeding and remanding the case for reconsideration of the excluded lenders' claims encompasses both their counterclaims against the plaintiff prevailing lenders and their third-party claims against the remaining prevailing lenders.

Respectfully submitted,

/s/ Kannon K. Shanmugam

|  |  |
|---|---|
| ERIC SEILER | KANNON K. SHANMUGAM |
| ANNE E. BEAUMONT | WILLIAM T. MARKS |
| FRIEDMAN KAPLAN SEILER | PAUL, WEISS, RIFKIND, |
|   ADELMAN & ROBBINS LLP |   WHARTON & GARRISON LLP |
|   7 Times Square |   2001 K Street, N.W. |
|   New York, NY 10036 |   Washington, DC 20006 |
|  |   (202) 223-7300 |
| JOHN F. HIGGINS |   kshanmugam@paulweiss.com |
| ERIC D. WADE |  |
| M. SHANE JOHNSON | KENNETH S. ZIMAN |
| PORTER HEDGES LLP | BRIAN S. HERMANN |
|   1000 Main Street, 36th Floor | LEWIS R. CLAYTON |
|   Houston, TX 77002 | ANDREW J. EHRLICH |
|  | PAUL, WEISS, RIFKIND, |
|  |   WHARTON & GARRISON LLP |
|  |   1285 Avenue of the Americas |
|  |   New York, NY 10019 |

JANUARY 14, 2025

6

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Kannon K. Shanmugam, a member of the Bar of this Court and counsel for appellants Excluded Lenders, certify, pursuant to Federal Rules of Appellate Procedure 27(d), 32(a)(5), and 32(a)(6) and Fifth Circuit Rule 32.3, that the attached Motion of Appellants Excluded Lenders to Clarify Scope of Remand is proportionately spaced, has a typeface of 14 points or more, and contains 1,214 words.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM

JANUARY 14, 2025